14 F.3d 603
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joe Willie ROSSER, Defendant-Appellant.
 No. 93-5045.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1993.
 
 Before: KENNEDY, MARTIN, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Joe Willie Rosser appeals his jury conviction for possession with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). On appeal, defendant argues that (1) the District Court erroneously limited defendant's cross-examination of a police officer regarding the officer's prior vice arrests and reports, and (2) the District Court erroneously prevented defendant from calling a witness to refute a police officer's explanation as to why he did not have the drug-containing baggie analyzed for fingerprints. For the reasons stated below, we affirm.
 
 I.
 
 2
 This is a case of vice sting turned drug bust. At trial, Memphis police officer Angela Burton testified that she was working undercover as a decoy prostitute in front of the Rebel Inn motel in Memphis, Tennessee. She was standing in front of the motel when defendant approached her in his automobile. Burton asked defendant what he wanted and he offered her $20.00 for sex. She accepted and told him to meet her in Room 29, and began walking toward the motel room. Burton then gave a take-down signal and Officer Woodard, Sergeant Westbrook, and Sergeant Ray, moved in to make the arrest. When Officer Woodard activated a police light on his car's dashboard, defendant jumped out of his car and threw something over the motel roof. The other officers searched the roof and the other side of the motel in the direction defendant had thrown the bag. Westbrook found a plastic bag containing 16.4 grams of crack cocaine. Defendant was arrested and two beepers were recovered from his person. A call was received on one of the beepers after defendant's arrest.
 
 
 3
 Defendant was indicted on one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). At trial, defendant's defense was that the officers had set him up for the drug bust. He argued that they knew he did not possess drugs, that they lied about seeing defendant throw a bag of drugs, and that the bag that the officers allegedly found was brought there by the officers. Defendant was convicted and sentenced to 97 months imprisonment to be followed by four years supervised release.
 
 II.
 
 4
 Defendant first complains that the District Court erroneously limited cross-examination of Officer Burton. Defendant proposed to elicit testimony from Burton that in all her prior vice arrest reports, she stated that she was offered $20.00 by the prostitution patron. Defendant claims that it is incredible that everyone who solicited Burton would offer her the same amount and therefore those statements in the reports were probably false. Defendant argues that he was entitled to impeach Burton with the reports. The court excluded the proposed line of questioning as irrelevant.
 
 
 5
 The Confrontation Clause of the Sixth Amendment guarantees the defendant in a criminal prosecution the right to confront the witnesses against him. U.S. CONST. amend. VI. This right is not absolute, however, but may be reasonably limited if, for instance, the proposed evidence is only marginally relevant. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). A district court's relevancy determination is reversible only if the court abused its discretion.
 
 
 6
 We find no abuse of discretion here. The excluded testimony hardly suggests that Burton was lying in her prior reports. Perhaps $20.00 was the going rate at the Rebel Inn during the 90-day period that Burton was stationed there. Perhaps it was a rate suggested by Burton. Defendant did not seek to offer proof of a different street price. Furthermore, even if the same price every time is unlikely, the most the reports suggest is that Burton approached defendant rather than vice versa. This might be relevant if defendant were charged with solicitation. Defendant was charged, however, with a drug possession offense. Burton's approaching defendant might bear on the legality of defendant's arrest, which is not argued on appeal, but it does not negate defendant's possession of the drugs. Excluding such marginally relevant evidence is not an abuse of discretion.
 
 III.
 
 7
 Defendant's second argument is that the District Court erroneously excluded the testimony of John Kelley, a retired Federal Bureau of Investigation ("FBI") agent. Defendant's theory of the case was that the officers did not analyze the drug-containing baggie for fingerprints because they knew defendant's prints weren't on it. Sergeant Wages testified on cross examination that,
 
 
 8
 I have never gotten anything off a plastic bag like that. In fact, I don't know whether you could. Most of the time you will not get anything off a crumpled paper bag, because the prints won't be right, and I talked to crime scene officers on this, and they are very, very hesitant about taking anything like that to be processed.
 
 
 9
 Joint App. 55. On redirect examination, Wages testified that he had never had a case where a usable fingerprint was obtained from a plastic bag. Joint App. 56. Kelley's testimony was offered to rebut Wages' testimony and to demonstrate that the baggie could have been tested for fingerprints.
 
 
 10
 Outside the presence of the jury, Kelley testified that fingerprints could be lifted from a plastic bag. He stated that he had received fingerprint results back from the lab and that he had obtained fingerprints himself from plastic bags. Joint App. 65. Kelley showed the court a plastic bag from which he had lifted three latent prints of his thumb by a process called "dusting." Joint App. 66-67. Kelley testified that the lifting of prints required some expertise, but most law enforcement officers have had that training. He said he was familiar with the lifting of latent prints from non-porous items, such as plastic bags, and qualified to do so himself. Joint App. 68. Kelley further testified that he could lift a fingerprint from the baggie in this case. Joint App. 71. In response to the court's questioning, Kelley testified that he did not know the frequency with which law enforcement officers submitted plastic bags for fingerprint analysis or how often prints were successfully obtained from plastic bags. Joint App. 69. He also testified that, while he believes a fingerprint could have been lifted from the bag in this case, he did not know whether a useable fingerprint could have been lifted. Joint App. 71.
 
 
 11
 The court ruled that Kelley's testimony was irrelevant. The purpose of Kelly's testimony was to refute the testimony of Sergeant Wages regarding the officer's motive for not having the plastic bag fingerprinted. In order to impeach the officer's testimony, the court stated, Kelley would have to know either the frequency with which officers have plastic bags analyzed for fingerprints or the frequency with which useable fingerprints can be obtained from plastic bags. Tr. at 40. Since Kelley could not testify to either point, the court ruled, his testimony was irrelevant.
 
 
 12
 We find no abuse of discretion in the exclusion of Kelley's testimony. Kelley did not have any personal knowledge of what the officers believed. He also did not know how standard it was for city police officers to have plastic baggies fingerprinted or how often such procedures are successful. Even though Kelley knew the fingerprinting practices of the FBI, it would not follow that such procedures were common in municipal enforcement agencies, or that the local police officers in this case knew of such procedures. Accordingly, we hold that the exclusion of Kelley's testimony was within the discretion of the District Court.
 
 IV.
 
 13
 For the reasons stated above, defendant's conviction and sentence are AFFIRMED.